# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| LINDSEY NICHOLE ESPEY, ) | |
| ) | Bankruptcy No. 10-03050 |
| Debtor. ) | |

## ORDER RE MOTION TO DISMISS; MOTION FOR
## RELIEF FROM STAY

This matter came before the undersigned on February 9, 2011. Attorney Wallace Parrish appeared for Debtor Lindsey Espey. Attorney Linda Hall also appeared. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Debtor, represented by attorney Wallace Parrish, filed a Chapter 7 petition on November 9, 2010. Debtor is 27 years old. On March 18, 2002, six weeks before Debtor would turn 18 years old, Debtor's parents filed an involuntary petition to become Debtor's co-guardians and co-conservators. Mr. Parrish was appointed by the Iowa District Court as attorney for Debtor as the prospective ward.

When she was younger, Debtor had suffered a brain injury from a bus collision and was mentally impaired. The order appointing Debtor's parents as guardians and conservators was entered on April 29, 2002 and Debtor's father was appointed as payee of her Social Security benefits. At the time, Debtor's total monthly income was $208.03 from SSI.

Also in 2002, a Special Needs Trust was established on Debtor's behalf with Regions Bank as Trustee. The Trust currently holds approximately $100,000. The only disbursements made by the Trust have been for trustee fees to the Bank for managing the Trust. No expenditures have been made on Debtor's behalf. The Trust is apparently very limited in what it can pay. Payments are strictly in the discretion of the trustee, and only for medical expenses. This asset is not part of the conservatorship.

In early 2010, Debtor wished to remove her parents as guardians and conservators and gain more independence. As court dates were set, Debtor's parents gradually withdrew from their roles as guardians and conservators and as payee for Social Security benefits. On September 2, 2010, the Black Hawk County District Court appointed the Black Hawk County Conservator's Office as guardian and conservator. The Cedar Valley Community Support Services is acting as Debtor's representative payee for Social Security benefits. The Court found Debtor indigent under Iowa Code Chapter 633 and waived court costs in the conservatorship action. The conservatorship incurred attorney fees from the dispute for services rendered by Attorney Linda Hall. In addition, Debtor accumulated debts for living expenses which the conservatorship is struggling to pay.

Debtor generally receives the Social Security funds from the representative payee and pays her own bills and purchases her own necessities. Earnings from Debtor's part-time grocery store job are minimal and are the only funds subject to the conservatorship.

Mr. Parrish states in his brief that he and the new conservator discussed Debtor's financial problems and, when notified of his plan to file a bankruptcy case for Debtor, "the new Conservator did not object to the filing, has acquiesced in it and immediately dropped trying to figure out how to pay [Debtor's] debts." At the hearing, Mr. Parrish further argued that he was Debtor's "representative" for purposes of filing a bankruptcy petition, pursuant to his appointment as Debtor's attorney in the conservatorship proceedings. Ms. Hall stated at the hearing that she spoke to the conservator who told her she did not acquiesce in the bankruptcy filing by Debtor. She further argues that Mr. Parrish's court-ordered representation of Debtor was limited to matters preceding the state court's determination of her incompetency.

Attorney Linda Hall filed an Application for Court Order Lifting Stay (Doc. 11) which was refiled as a Motion for Relief from Stay (Doc. 13). She seeks relief from the automatic stay to allow the Black Hawk County District Court to consider approving her attorney fees in Debtor's guardianship/ conservatorship case. She has applied for fees and expenses of approximately $11,500. A hearing on the application for fees scheduled for January 18, 2011 was not held because this bankruptcy case is pending. Ms. Hall's brief indicates that "the hearing was for

2

purposes of litigating the Application for Compensation of Attorney and the objections to the Annual Report which was filed on July 6, 2010." Brief in of Motion to Dismiss (Doc. 26), p. 2, n.1.

Debtor resists the motion for relief from stay. She states the conservatorship has no assets. Ms. Hall has stated no grounds for relief from the stay. Debtor asserts this creditor and the former Conservators mismanaged the conservatorship and failed to act in Debtor's best interests. Debtor further asserts the Motion should be dismissed because it is frivolous. She requests sanctions for Ms. Hall's actions in the Black Hawk County case in violation of the automatic stay, including attorney fees of $550.

Debtor also filed a Motion in Limine (Doc. 20), asserting Ms. Hall raised issues not relevant to the Motion for Relief from Stay at the preliminary hearing. Debtor requests further sanctions of $350. Ms. Hall responds that this Chapter 7 case has been filed prematurely and the stay should be lifted to allow the State Court to enter an adjudication regarding her attorney fees in the conservatorship. She argues matters pertaining to the guardianship/conservatorship are relevant to a determination of whether to grant relief from the stay.

Ms. Hall filed a Motion to Dismiss (Doc. 22) this Chapter 7 case for want of jurisdiction. She asserts the case was filed outside the parameters of the guardianship and conservatorship and without State Court approval or the participation of the conservator. The Probate Code gives the Iowa District Court jurisdiction to settle accounts owed by the ward's estate. Ms. Hall asserts the State Court retains jurisdiction to enter an adjudication of the debts for attorney fees incurred during the guardianship/conservatorship.

In her brief, Ms. Hall argues state law determines whether the Bankruptcy Court has jurisdiction over property rights of an individual who is subject to guardianship or conservatorship. Under the Iowa Code, a ward's property is subject to the possession of the conservator and control of the district court. Also, the conservator must obtain court approval to settle any claim against the ward or conservator. Atty. Hall argues that these provisions require approval by the Iowa District Court prior to filing a bankruptcy petition for a ward. She asserts the bankruptcy "was filed as an apparent attempt to circumvent the Guardianship/ Conservatorship and the authority of the Black Hawk County District Court."

3

## CONCLUSIONS OF LAW

Rule 1004.1, adopted in 2002, states:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

Fed. R. Bankr. P. 1004.1. Thus, a "representative," including a conservator, "may" file a bankruptcy petition for a ward. This Rule does not address whether a ward may file the petition on her own behalf.

State law determines who has authority to file a bankruptcy petition on behalf of another. In re Blumeyer, 297 B.R. 577, 579 (Bankr. E.D. Mo. 2003), citing In re Kjellsen, 53 F.3d 944, 946 (8th Cir. 1995). The court in Blumeyer stated: "Absent clear authority that a court appointed representative is empowered by statute to act on behalf of another, the better practice is for the Court to presume an individual may file a petition under Title 11 in his or her own behalf." 297 B.R. at 580. It ultimately held that the relevant Missouri statutes did not vest the debtor's "statutory trustee" with control over the Debtor's assets or divest the debtor with the ability to file a bankruptcy case. Id. at 582; see also Kjellsen, 53 F.3d at 946 (stating guardian of debtor's estate had exclusive control over debtor's property under South Dakota law, and dismissing bankruptcy petition filed by debtor's daughter who held power of attorney).

In In re Saunders, 379 B.R. 847, 853 (Bankr. D. Minn. 2007), the court considered Minnesota law and found that the ward, not the conservator, is the real party in interest, although the conservator had control of the prosecution of the bankruptcy case and the exclusive power to represent the incarcerated ward. In In re Buda, 252 B.R. 125, 127 (Bankr. E.D. Tenn. 2000), the court stated a court-court-appointed guardian may file a bankruptcy petition on behalf of an

person if the guardian is authorized to do so. It found, however, no explicit grant authority to the guardian in the relevant Chancery Court's orders. Id. at 128.

Ms. Hall cites Blumeyer and In re Woods, 248 B.R. 322, 323 (Bankr. W.D. Tenn. 2000), as authority for dismissing this case. In Woods, citing cases from New York and South Dakota, the court found cause for dismissal where "[n]either the conservator appointing court (i.e., the Honorable Shelby County Chancery Court) nor the conservator authorized the filing of this chapter 13 case by the above-named debtor-ward." 248 B.R. at 323.

Under the Iowa Probate Code, a ward under a conservatorship retains title to all property, "subject, however, to the possession of the conservator and to the control of the court for the purposes of administration, sale or other disposition." Iowa Code § 633.639. Iowa Code sec. 633.637 further states: "A ward for whom a conservator has been appointed shall not have the power to convey, encumber, or dispose of property in any manner, other than by will."

A conservator's powers under sec. 633.641 are those generally common to other fiduciaries, some of which are made subject to prior approval of the court, sec. 633.647, and some which are conferred without the necessity of court approval, sec. 633.646. See Jack W. Peters, Conservatorships and Guardianships Under the Iowa Probate Code, 49 Iowa L. Rev. 678, 685 (Spring 1964). These sections, however, appear to conflict. Id. (attributing the conflicts to the "tinkering of the Iowa Senate" with the draft of the Special Committee on Probate Law of the Iowa State Bar Association).

Section 633.646(1) allows the conservator, without court approval: "to enforce, defend against or prosecute any claim by or against the ward or the conservator." Section 633.647 requires court approval for a conservator to: "compromise or settle any claim by or against the ward or the conservator; to adjust, arbitrate or compromise claims in favor of or against the ward or the conservator." Additionally, in the provisions relating to all fiduciaries, the Probate Code states: "the fiduciary may, subject to approval of the court, effect a compromise with any debtor or other obligor, or extend, renew, or in any other manner, modify the terms of any obligation owing to the estate." Iowa Code § 633.114.

These sections have relevance to a conservator's treatment of a ward's debts. Nowhere in the probate code, however, is a fiduciary or conservator specifically

5

given the power to file a bankruptcy petition on behalf of a ward, with or without court approval.  See Iowa Code § 633.667; 14 Iowa Practice, Probate § 36:126 (2010 ed.) ("In case a conservatorship proves to be insolvent the Probate Code provides for a pro rata disbursement of any assets and for the termination of the conservatorship.  Such insolvency undoubtedly raises some bankruptcy questions, but that is a federal matter and the Probate Code does not go into the involvement the conservator for his ward in such bankruptcy proceedings.")

## RELIEF FROM THE AUTOMATIC STAY

> In making the determination of whether to grant relief from the stay, the court must balance the potential prejudice to the debtor, to the bankruptcy estate, and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court.  The factors used to balance the hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

In re Wiley, 288 B.R. 818, 822 (B.A.P. 8th Cir. 2003) (citations omitted).  In In re McDonald, 2004 WL 2931379, *3 (Bankr. M.D. Fla. Dec. 17, 2004), the court found cause to annul the automatic stay as to guardianship proceedings where allegations existed regarding the debtor's incapacity and the improper prior use of her funds.  In In re Pitchford, 410 B.R. 416, 426 (Bankr. W.D. Pa. 2009), the court granted relief from the automatic stay to a state court guardian to return to the Orphans Court to pursue a constructive trust claim.

This Court also finds instructive the U.S. Supreme Court case of Marshall v. Marshall, 547 U.S. 293, 308-09 (2006), which recently clarified that the uncodified probate exception to federal bankruptcy jurisdiction is limited to adjudication of matters related to probate of wills, estate administration, or disposing of custodial property.  Arguably, consideration of Ms. Hall's application for attorney fees as attorney for the conservators is a matter of estate administration for the probate court.  See Iowa Code§ 633.673 (including fees of attorney for guardian as court costs of a guardianship proceeding).

6

## ANALYSIS

Based on the record presented and the foregoing statutes and case law, the Court concludes that dismissal for lack of jurisdiction is not appropriate at this time. There is no definitive statement in the Iowa Code, state or federal case law, or the record which requires this Court to determine that Debtor may not file a bankruptcy petition on her own behalf. The parties also dispute whether this case was filed by a proper "representative" of Debtor, i.e. Attorney Wallace Parish, or whether Debtor's current conservator approved of, or acquiesced in, the filing. The Court notes that the lack of clarity on these issues probably would have been resolved prepetition if the Iowa District Court was given an opportunity to consider and authorize the filing of a bankruptcy petition. At this time, however, the Court will allow the case to remain as filed. The Court may reconsider this decision if it later appears that approval or consent of the state court and/or state conservator was required and was not granted.

Attorney Hall seeks relief from the stay to allow the Iowa District Court to consider her application for attorney fees in the conservatorship. The fees of a guardian or conservator are considered court costs under sec. 633.673. Debtor lists Ms. Hall as a creditor with a claim for $25,000 for attorney fees in Schedule F of her Chapter 7 petition. Including this claim, total unsecured claims on Schedule F are $27,974.01. Applying the factors from Wiley, this Court finds it is appropriate to grant relief from the automatic stay to allow the Iowa District Court to consider Ms. Hall's application for attorney fees, as well as Debtor's objection to the Annual Report in the conservatorship, which were pending at the time the bankruptcy petition was filed. This comports with the limitations set out in Marshall regarding the probate exception which leaves probate estate administration in the hands of the probate court.

The conclusions herein are limited in part by the lack of a factual record on various issues. Questions remain regarding: 1) whether the conservator approved of or acquiesced in this bankruptcy filing; 2) whether Mr. Parrish is empowered by his appointment as Debtor's attorney in the conservatorship to file this case on Debtor's behalf; and 3) whether an order of authorization from the Iowa District Court is required before a ward may file a bankruptcy petition. These issues can properly be presented to and resolved by the Iowa District Court.

**WHEREFORE**, the Motion to Dismiss (Doc. 22) is DENIED without prejudice.

**FURTHER**, the Motion for Relief from Stay (Doc. 11 and 13) is GRANTED to allow the Iowa District Court to resolve issues in the conservatorship action which are discussed in this ruling.

**FURTHER**, upon resolution by the Iowa District Court, this Court will consider further motions as necessary to implement those conclusions.

**FURTHER**, the Motion in Limine (Doc. 20) is DENIED.

Dated and Entered: February 18, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE